IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02594-RPM

DALE GROSS,

    Plaintiff,

v.

GUILLERMO SAMUDIO, Community Parole Officer;
IAN SWEENEY, Community Parole Officer;
JENNIFER DUNCAN, Community Parole Officer;
ANTHONY YOUNG, Chairman of the Colorado Parole Board;
ED THOMAS, Member of the Parole Board;
DENISE BALAZIC, Member of the Parole Board;
PATRICIA BAN WAAK, Member of the Parole Board;
JOHN O'DELL, Member of the Parole Board;
MICHAEL ANDERSON, Member of the Parole Board;
REBECCA OAKES, Member of the Parole Board;
FREDERICK E. TOLSON, President Sexual Offense Resource Services, LLC;
JOHN DOES, Number 5-6, unknown officers of Sexual Offense Resource Services, LLC;
GREIG VEEDER, President and Director, Teaching Humane Existence Treatment Program, Inc.; and
JOHN DOES, Number 7-8, unknown officers of Teaching Humane Existence Treatment Program, Inc.,

    Defendants.
_____

ORDER OF DISMISSAL
_____

On April 14, 2011, the Colorado Parole Board revoked the parole of Dale Gross for his failure to participate in sex offender treatment with any of the authorized treatment providers all of whom refused to provide him treatment.  He filed this civil action pursuant to 42 U.S.C. § 1983, claiming that the defendant parole officers and parole board members violated his rights to due process protected by the Fourteenth Amendment.  The essence of his claim is that the defendants accepted the treatment providers' refusal to accept him for treatment and thereby improperly delegated to those civilian providers the absolute discretion to refuse him for treatment.  To be returned to

prison because of those refusals and without an opportunity to present any challenge to the reasons for refusal or to provide any alternative course of treatment raises serious questions under the Constitution.

Whatever the merits of the plaintiff's narrow claim they may not be pursued in this action because Mr. Gross has not provided any clearly established law to support his claim. Accordingly, the defendants are entitled to the protection of qualified immunity. It is therefore

ORDERED that the defendants' motion for summary judgment is granted and this civil action is dismissed.

DATED: May 22nd, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge